JOHN M. BROWN, EXECUTOR, ESTATE OF HELEN·S. PENNELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8802. Promulgated June 5, 1928.

*Phil D. Morelock, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: Upon his qualification as executor of the estate of the decedent, the petitioner came into possession of 40 shares of stock of the Railway Specialty Co. which had cost the decedent $2,000, and of 220 shares of such stock which the decedent had inherited and which had been taxed for estate-tax purposes at date of such inheritance at a value of $7,700. Such 260 shares were included in the estate of the decedent and taxed for estate purposes at a valuation of $3,900. In these circumstances the petitioner claims a loss in the amount of $5,800, applicable to the income of the decedent for the taxable period.

The basis for the contention of the petitioner is that the transfer of the stock in question to him as executor was a disposition thereof that resulted in a loss to the estate in the amount claimed, or that the shrinkage in value of securities is a realized loss for tax purposes. The Board has heretofore decided the second claim adversely to the petitioner. See *Charles E. Nauss*, 4 B. T. A. 980; *E. O. Walgren*, 4 B. T. A. 1066; and many others of like import.

If allowed the effect of the petitioner's first contention would be the allowance of a loss resulting from a shrinkage in value of property within a taxable year. Had the decedent lived to make a return

for the full calendar year, under the decisions above cited she could not have deducted such loss from her taxable income. The fact that death occurred within the taxable year does not change the situation or affect the principle involved.

*Decision will be entered for the respondent.*